UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YVONNE OKEKE, individually,

          Plaintiff,

v.

LUX PHARMA HOLDINGS, LLC,
a Wyoming limited-liability company,

          Defendant.
_____/

Case No. 8:21-cv-02224-VMC-AAS

ANSWER WITH
AFFIRMATIVE DEFENSES
AND COUNTERCLAIM

LUX PHARMA HOLDINGS, LLC ("Lux") answers the complaint filed by plaintiff YVONNE OKEKE ("Okeke") as follows:

**ANSWER TO JURISDICTION, VENUE, AND PARTIES**

1. The allegations set forth in paragraph 1 of the complaint constitute legal assertions to which no answer is required. Lux denies the allegations set forth in paragraph 1 of the complaint that Lux is liable for damages to Okeke.

2. The allegations set forth in paragraph 2 of the complaint constitute legal assertions to which no answer is required. Lux denies the allegations set forth in paragraph 2 of the complaint that the subject matter of this dispute is "services provided … in Hillsborough County."

3. The allegations set forth in paragraph 3 of the complaint constitute legal assertions to which no answer is required. Lux denies the allegations set forth in paragraph 3 of the complaint that the causes of action set forth in the complaint arose from events that occurred in Hillsborough County.

4. Lux is without knowledge of the allegations in paragraph 4.

5. Lux admits that it is a corporation organized and existing under the laws of the State of Wyoming and denies that it has breached any contract in Florida. The remaining allegations set forth in paragraph 5 of the complaint constitute legal assertions to which no answer is required.

## ANSWER TO GENERAL ALLEGATIONS

6. Lux is without knowledge of the allegations in paragraph 6.

7. Lux is without knowledge of the allegations in paragraph 7.

8. Lux denies the allegations set forth in paragraph 8 of the complaint except admits that it executed the Membership Interest Purchase Agreement annexed as Exhibit A to the complaint and avers that the agreement speaks for itself.

9. Lux denies the allegations set forth in paragraph 9 of the complaint except admits that it executed the documents annexed as Exhibits B through D of the complaint, which documents speak for themselves.

10. Lux denies the allegations set forth in paragraph 9 of the complaint except admits that it executed the documents annexed as Exhibits B through D of the complaint, which documents speak for themselves.

11. The allegations set forth in paragraph 11 of the complaint constitute legal assertions to which no answer is required. To the extent they are intended as assertions of facts, Lux denies them, avers that the Membership Interest Purchase Agreement and other documents speak for themselves, and denies that Lux is obligated to pay any further consideration to Okeke.

12. The allegations set forth in paragraph 12 of the complaint constitute legal assertions to which no answer is required. To the extent they are intended as assertions of facts, Lux denies them, avers that the Membership Interest Purchase Agreement and other documents speak for themselves, and denies that Lux is obligated to pay any further consideration to Okeke.

13. Lux denies the allegations set forth in paragraph 13 of the complaint.

14. Lux denies the allegations set forth in paragraph 14 of the complaint.

15. Lux is without knowledge of the allegations in paragraph 15.

## ANSWER TO COUNT I
### (BREACH OF MEMBERSHIP INTEREST PURCHASE AGREEMENT)

16. Lux realleges its response to paragraphs 1-15.

17. Lux denies the allegations set forth in paragraph 17 of the complaint except admits that it executed the Membership Interest Purchase Agreement annexed as Exhibit A to the complaint and avers that the agreement speaks for itself.

18. The allegations set forth in paragraph 18 of the complaint constitute legal assertions to which no answer is required.

19. Lux denies the allegations set forth in paragraph 19 of the complaint except admits that it executed the Note annexed as Exhibit B to the complaint, avers that the agreement speaks for itself and that the Note does not constitute a valid legal obligation.

20. Lux denies the allegations set forth in paragraph 20 of the complaint except admits that it executed the Note annexed as Exhibit B to the complaint, avers that the agreement speaks for itself and that the Note does not constitute a valid legal obligation.

21. Lux denies the allegations set forth in paragraph 21 of the complaint.

22. Lux denies the allegations set forth in paragraph 22 of the complaint.

23. Lux denies the allegations set forth in paragraph 23 of the complaint.

24. Lux denies the allegations set forth in paragraph 24 of the complaint except admits that it executed the Membership Interest Purchase Agreement annexed as Exhibit A to the complaint and avers that the agreement speaks for itself.

25. The allegations set forth in paragraph 25 of the complaint constitute legal assertions to which no answer is required. Lux avers that the Membership Interest Purchase Agreement speaks for itself and denies that it is obligated to pay Okeke's attorneys' fees.

## ANSWER TO COUNT II
## (BREACH OF PROMISSORY NOTE)

26. Lux realleges its response to paragraphs 1-25.

27. Lux denies the allegations set forth in paragraph 27 of the complaint except admits that it executed the Membership Interest Purchase Agreement annexed as Exhibit A to the complaint and avers that the agreement speaks for itself.

28. The allegations set forth in paragraph 28 of the complaint constitute legal assertions to which no answer is required.

29. Lux denies the allegations set forth in paragraph 29 of the complaint except admits that it executed the Note annexed as Exhibit B to the complaint, avers that the agreement speaks for itself and that the Note does not constitute a valid legal obligation.

30. Lux denies the allegations set forth in paragraph 30 of the complaint except admits that it executed the Note annexed as Exhibit B to the complaint, avers that the agreement speaks for itself and that the Note does not constitute a valid legal obligation.

31. Lux denies the allegations set forth in paragraph 31 of the complaint.

32. Lux denies the allegations set forth in paragraph 32 of the complaint.

33. Lux denies the allegations set forth in paragraph 33 of the complaint.

34. Lux denies the allegations set forth in paragraph 34 of the complaint except admits that it executed the Membership Interest Purchase Agreement annexed as Exhibit A to the complaint and avers that the agreement speaks for itself.

35.     The allegations set forth in paragraph 35 of the complaint constitute legal assertions to which no answer is required. Lux avers that the Membership Interest Purchase Agreement speaks for itself and denies that it is obligated to pay Okeke's attorneys' fees.

### ANSWER TO COUNT III
### (BREACH OF MEMBERSHIP INTEREST PURCHASE AGREEMENT)

36.     Lux realleges its response to paragraphs 1-35.

37.     Lux denies the allegations set forth in paragraph 37 of the complaint except admits that it executed the Membership Interest Purchase Agreement annexed as Exhibit A to the complaint and avers that the agreement speaks for itself.

38.     Lux denies the allegations set forth in paragraph 38 of the complaint except admits that it executed the Membership Interest Purchase Agreement annexed as Exhibit A to the complaint and avers that the agreement speaks for itself.

39.     Lux denies the allegations set forth in paragraph 39 of the complaint except admits that it executed the Membership Interest Purchase Agreement annexed as Exhibit A to the complaint and avers that the agreement speaks for itself.

40.     Lux denies the allegations set forth in paragraph 40 of the complaint except admits that it executed the Membership Interest Purchase Agreement annexed as Exhibit A to the complaint and avers that the agreement speaks for itself.

41.     Lux denies the allegations set forth in paragraph 41 of the complaint.

42.     Lux denies the allegations set forth in paragraph 42 of the complaint.

43.     The allegations set forth in paragraph 43 of the complaint constitute legal assertions to which no answer is required. Lux avers that the Membership Interest Purchase Agreement speaks for itself and denies that it is obligated to pay Okeke's attorneys' fees.

## ANSWER TO COUNT IV
### (BREACH OF MEMBERSHIP INTEREST PURCHASE AGREEMENT)

44. Lux realleges its response to paragraphs 1-43.

45. Lux denies the allegations set forth in paragraph 45 of the complaint except admits that it executed the Membership Interest Pledge Agreement annexed as Exhibit D to the complaint and avers that the agreement speaks for itself.

46. Lux denies the allegations set forth in paragraph 46 of the complaint.

47. Lux denies the allegations set forth in paragraph 47 of the complaint.

48. Lux denies the allegations set forth in paragraph 48 of the complaint except admits that it executed the Membership Interest Pledge Agreement, which speaks for itself.

49. Lux denies the allegations set forth in paragraph 49 of the complaint.

50. The allegations set forth in paragraph 50 of the complaint constitute legal assertions to which no answer is required. Lux avers that the Membership Interest Pledge Agreement speaks for itself and denies that it is liable to Okeke.

## ANSWER TO COUNT IV
### (UNJUST ENRICHMENT)

51. Lux realleges its response to paragraphs 1-50.

52. Lux denies the allegations set forth in paragraph 52 of the complaint.

53. Lux denies the allegations set forth in paragraph 53 of the complaint.

54. Lux denies the allegations set forth in paragraph 54 of the complaint.

55. Lux denies the allegations set forth in paragraph 55 of the complaint.

56. Lux denies the allegations set forth in paragraph 56 of the complaint.

WHEREFORE Lux prays the Court for a judgment on its behalf and against Okeke dismissing Okeke's complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Each of the counts set forth in the complaint fails to state a valid legal claim for relief.

### SECOND AFFIRMATIVE DEFENSE

2. Okeke breached her obligations under the Membership Interest Purchase Agreement.

### THIRD AFFIRMATIVE DEFENSE

3. Okeke fraudulently induced Lux into executing the Membership Interest Purchase Agreement and related agreements as set forth in more detail in the Counterclaim below.

### FOURTH AFFIRMATIVE DEFENSE

4. Okeke fraudulently misrepresented the financial condition of the pharmacy subject to the Membership Interest Purchase Agreement, including (i) failing to disclose an outstanding PPP loan for which loan forgiveness was not applied for; (ii) misrepresenting the pharmacy's potential liability for back taxes; and (iii) withholding books and records necessary to determine the pharmacy's liability for back taxes and to respond to tax audits.

### FIFTH AFFIRMATIVE DEFENSE

5. Okeke fraudulent misrepresented the physical condition of the pharmacy subject to the Membership Interest Purchase Agreement, including the condition of the water lines, which broke causing extensive damage.

## COUNTERCLAIMS

Defendant/Counter-Plaintiff LUX PHARMA HOLDINGS, LLC ("Lux") files these counterclaims against Plaintiff/Counter-Defendant YVONNE OKEKE ("Okeke"), and alleges as follows:

## NATURE OF ACTION

1. This is an action for breach of the implied covenant of good faith and fraudulent inducement arising from an August 14, 2020 Membership Interest Purchase Agreement under which Lux purchased Okeke's membership interest in Yvonne Enterprises, LLC, a Florida limited liability company d/b/a Kay Pharmacy ("Kay Pharmacy").

## THE PARTIES

2. Counter-Plaintiff Lux is a Wyoming limited liability company whose sole member, Phil Neuman, is a citizen of Nevada.

3. Counter-Defendant Okeke is a citizen of Florida.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter (i) under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Counter-Plaintiff and Counter-Defendant and more than $75,000, exclusive of interest and costs, is at stake; and (ii) 28 U.S.C. § 1441 because this is a civil action brought in Florida state court of which the district courts of the United States have original jurisdiction, and the sole defendant is not a citizen of Florida.

5. Venue is proper (i) under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district; and (ii) under 28 U.S.C. § 1441(a) because this is the district and division embracing the place where Okeke commenced this action.

## BACKGROUND

A. **Kay Pharmacy.**

6. Okeke founded Kay Pharmacy to operate a retain pharmacy located at 637 1st Street South, Winter Haven, Florida 33880. Kay Pharmacy owns the building from which it operates.

B. **Okeke's Fraudulent Misrepresentations Concerning Kay Pharmacy.**

7. Between August 6, 2020 and August 14, 2020, Phil Neuman met with Okeke on several occasions to discuss the possible purchase by Lux of Okeke's membership interest in Kay Pharmacy, include a meeting that took place at Kay Pharmacy on Tuesday, August 11, 2020.

8. At these meetings, including the August 11, 2020 meeting, and in telephone conversations that took place over the same time period, August 6, 2020 through August 14, 2020, Okeke represented that Kay Pharmacy had no liabilities, had paid all applicable taxes, was in full compliance with agreements with Pharmacy Benefits Managers ("PBMs"), including Humana and CVS WellCare and Envolve, and the respective PBM's operations manuals. She also represented that Kay's building from which it operated was in excellent condition and could be enlarged by adding a second floor.

9. Each of these representations was false and Okeke knew them to be false when she made them. In fact, Kay Pharmacy (i) had borrowed $200,000 in a Paycheck Protection Program ("PPP") loan and failed to apply for forgiveness for that loan; (ii) had not paid all applicable taxes, but in fact owed substantial back taxes; and (iii) had violated PBM rules and regulations by failing to adequately account for and document the distribution of prescription drugs to patients. Kay's building was in poor condition, including plumbing that was on the verge of failing, and a second floor of the building could not be added under applicable building regulations.

10. Okeke made these fraudulent misrepresentations to induce Lux into purchasing her membership interest in Kay Pharmacy.

C. **The Membership Interest Purchase Agreement.**

11. On or about August 14, 2020, in reliance on Okeke's misrepresentations, Lux entered into the Membership Interest Purchase Agreement annexed hereto as Exhibit A and a Promissory Note annexed hereto as Exhibit B.

12. The Membership Interest Purchase Agreement was amended on September 8, 2020 and October 6, 2020, in written amendments annexed hereto as Exhibits C and D, respectively. The parties entered into other agreements related to the Membership Interest Purchase Agreement, which are annexed hereto as Exhibit E.

**COUNT I**
**(Breach of the Implied Covenant of Good Faith)**

13. Lux repeats the allegations set forth in paragraphs 1 through 12 of this Counterclaim.

14. The Membership Interest Purchase Agreement constitutes a contract between Lux and Okeke, which included an implied covenant of good faith from both parties.

15. Okeke entered into the Membership Interest Purchase Agreement knowing that her representations set forth, *supra*, at paragraph 9 of this Counterclaim were false.

16. By failing making the false representations set forth in paragraph 9 and executing the Membership Interest Purchase Agreement without disclosing that those representations were false, Okeke breached the implied covenant of good faith.

17. Okeke's breach of the implied covenant of good faith proximately caused Lux to incur substantial damages, including liability for the undisclosed PPP loan, liability for back taxes, expenses to replace the building's inadequate plumbing system, expenses for making alternate

arrangements for additional space since a second floor could not be added to the building, and the loss of PBM agreements that threaten Kay Pharmacy's ability to continue to operate as a retail pharmacy.

## COUNT II
### (Fraudulent Inducement)

13. Lux repeats the allegations set forth in paragraphs 1 through 17 of this Counterclaim.

14. Okeke made the representations set forth, *supra*, at paragraph 9 of this Counterclaim (the "Fraudulent Misrepresentations") knowing that those representations were false.

15. Okeke made the Fraudulent Misrepresentations to induce Lux to enter into the Membership Interest Purchase Agreement.

16. In reliance on the Fraudulent Misrepresentations, Lux entered into the Membership Interest Purchase Agreement, the related Promissory Note and the amendments and other related agreements.

17. Lux's reliance on the Fraudulent Misrepresentation proximately caused Lux to incur substantial damages, including liability for the undisclosed PPP loan, liability for back taxes, expenses to replace the building's inadequate plumbing system, expenses for making alternate arrangements for additional space since a second floor could not be added to the building, and the loss of PBM agreements that threaten Kay Pharmacy's ability to continue to operate as a retail pharmacy.

WHEREFORE, Lux seeks the following relief against Okeke:

    (i)    dismissal of Okeke's claims against Lux with prejudice;

    (ii)    recission of the Membership Interest Purchase Agreement as amended, the Promissory Note, and the related agreements;

(iii) reimbursement for all consideration that Lux paid under the Membership Interest Purchase Agreement, as amended;

(iv) damages in an amount to be proven at trial of at least $1 million;

(v) pre-judgment interest on the consideration Lux paid under the Membership Interest Purchase Agreement;

(v) expenses, including attorneys' fees, incurred in this action; and

(vi) such other relief that this Court deems equitable and just.

**DEFENDANT/COUNTER-PLAINTIFF DEMANDS A JURY TRIAL**

Dated: October 11, 2021

Respectfully submitted,

**THE PIVNIK LAW FIRM**
7700 N. Kendall Dr., Suite 703
Miami, Florida 33156
Ph. (305) 670-0095
pivniklaw@aol.com
jpivnik@pivniklaw.com

By: **s/ Jerome A. Pivnik, Esq.**
Jerome A. Pivnik, Esq.
Fla. Bar No. 400408

Of counsel:

Edward Griffith, Esq.
(to be admitted *pro hac vice*)
THE GRIFFITH FIRM
45 Broadway, Suite 2200
New York, New York 10006
(646) 645-3784 (mobile)

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 11, 2021 I filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send electronic notice to the authorized CM/ECF filers in this case.

Dated: October 11, 2021

                                                */s/ Jerome A. Pivnik*
                                           _____
                                           JEROME A. PIVNIK