**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| YVONNE OKEKE, individually,<br><br>    Plaintiff/Counter-Defendant<br><br>vs.<br><br>LUX PHARMA HOLDINGS, LLC, a Wyoming limited liability company,<br><br>    Defendant/Counter-Plaintiff | CASE NO.: 8:21-cv-02224-VMC-AAS |

**MOTION TO COMPEL DEPOSITION**

**COMES NOW**, Plaintiff/Counter-Defendant, YVONNE OKEKE, individually ("Plaintiff" or "OKEKE"), by and through its undersigned counsel, hereby files this Motion to Compel Deposition of Defendant's, LUX PHARMA HOLDINGS, LLC ("Defendant" or "LUX"), corporate representatives, COLIN CONNER and PHIL NEUMAN, and in support thereof further states:

1. Plaintiff has brought the foregoing action surrounding a breach of contract by Defendant.

2. On or about November 8, 2021, this Honorable Court issued a Case Management and Scheduling Order. (Doc # 14).

3. On February 14, 2022, Defendant, propounded their First Request for Production and First Set of Interrogatories upon Plaintiff; the deadline for Plaintiff to respond was March 16, 2022.

4. Also on February 14, 2022, Defendant's Counsel provided potential dates and requested to depose Plaintiff and her husband, IKE OKEKE.

5. On February 16, 2022, Plaintiff and her husband agreed to be available for deposition between March 23-25th (dates which Defendant had proposed).

6. Also on **February 16, 2022, Plaintiff's Counsel initially requested deposition dates for Defendant's corporate representatives: PHIL NEUMAN (the sole member of Plaintiff) and COLIN CONNER (the Chief Executive Officer of Plaintiff), both of whom had an integral part in the pre and post-closing affairs relating to the subject transaction**.

1

7. On February 22, 2022, Defendant's Counsel agreed to set the depositions of Plaintiff and her husband on March 23rd and for Plaintiff to "put on hold" March 23rd, 24th, and 25th for the depositions of COLIN CONNER and PHIL NEUMAN. The Parties also stipulated that all depositions would be held via ZOOM.

8. On March 1, 2022, Plaintiff propounded their First Request for Production and First Set of Interrogatories upon Plaintiff; the deadline for Defendant to respond is March 31, 2022.

9. Plaintiff required an extension of time to respond to Defendant's First Set of Discovery due March 16, 2022) as *Plaintiff was in a rural area in Nigeria with little phone or internet service for two weeks at the end of February through the first week of March, tending to a family member who was terminally ill.*

10. During this period, the lack of available communication between Plaintiff and its Counsel caused delays in the propounding of its First Set of Discovery upon Defendant, as well as responding to Defendant's First Set of Discovery.

11. As a result, on March 15, 2022, Plaintiff filed a <u>Stipulated Motion to Extend the Deadlines for Discovery and Motions for Summary Judgment, Judgment on the Pleadings, Daubert, and Markman Motions and Plaintiff's Motion for Extension of Time to Respond to Defendant's First Set of Discovery Requests</u>. (Doc # 35).

12. On March 16, 2022, this Honorable Court entered and ENDORSED ORDER; Granting in part and denying in part the Stipulated Motion to Extend the Deadlines, whereby the Court was disinclined to extend the discovery deadline; however, in an effort to aid parties, granted Plaintiff's request to for an extension of time to serve its responses to Defendant's requests no later than March 31, 2022. (Doc # 36).

13. Thereafter, on March 17, 2022, Defendant filed a Motion for Partial Reconsideration of Extension of Certain Deadlines stating that Plaintiff's (extended) time to respond discovery was now after the scheduled depositions of Plaintiff and her husband (March 23rd and 24th) and that Defendant could be forced to go forward with the depositions as scheduled without discovery – it would be severely prejudiced at trial. (Doc # 17).

14. On March 18, 2022, this Honorable Court entered an ENDORSED ORDER; denying Defendant's Motion for Partial Reconsideration and did not find good cause to extend either deadline.

15. Notwithstanding, **on March 21, 2022, Plaintiff provided its discovery responses to Defendant, one (1) business day prior to the March 23rd scheduled deposition of Plaintiff and ten (10) days prior to Plaintiff's extended discovery deadline**.

16. **This was done in a good faith effort to provide the Defendant with the necessary information to conduct meaningful depositions and keep the case within the April 4th discovery deadline**.

17. The Parties ultimately agreed to reschedule the depositions of Plaintiff and her husband to March 25, 2022, solely to allow Defendant the necessary time to prepare for the depositions.

18. The depositions of Plaintiff were duly conducted without issue on March 25th.

19. Yet, since Plaintiff's initial request to depose COLIN CONNER and PHIL NEUMAN on February 16, 2022, **on a weekly basis, *often multiple times a week*, Plaintiff's Counsel has provided dates and followed up with Defendant's Counsel to coordinate their depositions and inquired if they are able to respond to Plaintiff's discovery prior to the March 31, 2022 due date ahead of whenever CONNER's and NEUMAN's depositions will occur. However, Plaintiff has received little transparency as it relates to CONNER's and NEUMAN's availability for depositions and if Defendant is able to respond to discovery early**.

20. To that end, after the dates which were initially put on hold (March 23rd, 24th, and 25th) were no long viable, Plaintiff has consistently requested to depose CONNER and NEUMAN on April 1st and/or April 4, 2022. Defendant's Counsel has advised that NEUMAN is not available on April 1st.

21. Plaintiff initially requested separate days to depose each individual, but is now willing to commence the depositions of both on April 4th in an effort to avoid surpassing the discovery deadline.

22. **At the conclusion Plaintiff and her husband's depositions on March 25th, Defendant's Counsel advised that CONNER was available for deposition on April 4, 2022 and that NEUMAN was available for deposition on March 28th, the *next business day* and without the benefit of responses to Plaintiff's discovery.** Plaintiff declined as it would not have adequate time to prepare for a deposition on that short notice.

23. On March 29, 2022, Plaintiff served Defendant with a Notice of Taking Video Deposition of COLIN CONNER to occur on April 4th.

24. However, Defendant's Counsel has advised Plaintiff's Counsel that **PHIL NEUMAN is not available for deposition until April 8th, (4) four days after the discovery deadline**.

25. Plaintiff is concerned that if CONNER attempts to cancel his deposition on the eve thereof, as was the case with his attendance at Mediation, which is scheduled for the last day of the discovery deadline, that Plaintiff will be barred from deposing him within the required timeframe.

26. Plaintiff has developed the opinion that Defendant has been exercising legal gamesmanship rather than the real, good faith effort to provide discovery that is contemplated by the Federal and Local Rules.

27. Moreover, the Parties attended Mediation on March 7, 2022 and no agreement was reached. Plaintiff ended its trip to Nigeria early and flew back on March 6th specifically to *physically* attend mediation, as required by Local Rule 4.03(d) and this Court's Case Management and Scheduling Order.

28. Yet, just days before the Mediation, Plaintiff's Counsel was advised by Defendant's Counsel that Defendant's corporate representative, COLIN CONNER, contracted COVID-19, and could not physically attend mediation and was too ill to attend via video or phone.

29. In lieu of COLIN CONNER's impending absence at the March 7th Mediation, Plaintiff's Counsel requested that PHIL NEUMAN physically attend Mediation in his place.

30. However, Defendant's Counsel advised that PHIL NEUMAN was only available via phone, not even video.

31. This is another instance of Defendant's efforts to flout this Court's requirements.

32. "'The Court previously advised the parties that it is disinclined to extend the deadlines set forth in the Case Management and Scheduling Order as it has an independent obligation to move its cases forward. (Doc. ## 14, 26). As explained in the Case Management and Scheduling Order, "[m]otions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause," and "[f]ail[ing] to complete discovery within the time established by this Order shall not constitute cause for continuance." (Doc. # 14 at 5).'" (Doc # 36).

33. As such, in an effort to comply with the timeframes set forth in the Case Management and Scheduling Order, Plaintiff files this Motion to Compel the Depositions of COLIN CONNER and PHIL NEUMAN to occur on April 4, 2022 so that Plaintiff has assurances that both individuals will be deposed prior to the discovery deadline.

34. Plaintiff has not issued a subpoena upon NEUMAN as Defendant's Counsel has stated that NEUMAN is most often traveling between the "West Coast" and "Europe" and has often disclosed that he has been unable to get ahold of CONNER or NEUMAN throughout the course of coordinating their depositions.

35. In the alternative, if the Court is amenable to reconsidering extending the Discovery Deadline; and *as necessary,* the Deadline for Motions for Summary Judgment, Judgment on the Pleadings, *Daubert*, and *Markman* Motions ("Pre-Trial Motions"), **Plaintiff is available to depose COLIN CONNER and/or PHIL NEUMAN on the following dates: April 5, 14, 15, 19, 25, 26, 27, 28, 29 of 2022**.

36. Plaintiff is *not* available to depose PHIL NEUMAN on April 8, 2022, as offered by Defendant's Counsel; Plaintiff's Co-Counsel will be out of the country.

37. Without complete and proper discovery, including the deposition(s) of COLIN CONNER and PHIL NEUMAN, Plaintiff will be severely prejudiced in the prosecution of this action.

38. Over the last (6) six weeks, Plaintiff's Counsel has attempted to confer with Defendant's Counsel in a good faith effort to resolve the issues raised by this Motion prior to bringing the same, but have been unsuccessful in doing so.

39. Plaintiff further requests that the Court sanction Defendant for Plaintiff's reasonable Attorney's Fees and Costs as a result of having to bring this Motion.

**WHEREFORE**, Plaintiff/Counter-Defendant, YVONNE OKEKE, individually, hereby requests that this Honorable Court issue an Order Compelling Defendant's, LUX PHARMA HOLDINGS, LLC's, corporate representatives, COLIN CONNER and PHIL NEUMAN to be produced for deposition via ZOOM on April 4, 2022, or in the alternative to a subsequent date in which Plaintiff is available as set forth herein in the event the Court is inclined to extend the discovery and Pre-Trial Motion Deadline and

grant Plaintiff their reasonable Attorneys' Fees and Costs as a result of having to bring this Motion and/or whatever other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 30, 2022, a copy of the foregoing has been electronically filed with the Clerk of Courts by way of the CM/ECF system. I further certify that on said date a copy of the foregoing has been furnished either by e-mail, or by U.S. Mail, to those indicated on the attached Service List.

**LEGAL ADVOCATES, PLLC**

/s/
_____
Erik T. Silevitch, Esquire (FBN 92048)
2424 N. Federal Hwy
Suite 411
Boca Raton, FL 33431
Tel: 561-666-3443
Fax: (561) 444-0185
Service@inyourinterest.net

**SERVICE LIST**

CASE NO.: 8:21-cv-02224-VMC-AAS

YVONNE OKEKE, individually

v.

LUX PHARMA HOLDINGS, LLC, a Wyoming limited liability company

LEGAL ADVOCATES, PLLC (Counsel for YVONNE OKEKE, individually)
2424 N. Federal Hwy
Suite 411
Boca Raton, FL 33431
Service@inyourinterest.net

THE PIVNIK LAW FIRM (Counsel for LUX PHARMA HOLDINGS, LLC, a Wyoming limited liability company)
7700 N. Kendall Drive, Suite 703
Miami, FL 33156
Pivniklaw@aol.com
jpivnik@pivniklaw.com