# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

YVONNE OKEKE, individually,                    CASE NO.: 8:21-cv-02224-VMC-AAS

      Plaintiff/Counter-Defendant

vs.

LUX PHARMA HOLDINGS, LLC, a
Wyoming limited liability company,

      Defendant/Counter-Plaintiff

## MOTION FOR CLARIFICATION AND MOTION FOR LEAVE TO ISSUE AND SERVE SUBPOENA TO NON-PARTY

**COMES NOW**, Plaintiff/Counter-Defendant, YVONNE OKEKE, individually ("Plaintiff" or "OKEKE"), by and through its undersigned counsel, hereby files this Motion for Clarification on the Court's Order, dated April 4, 2022, (Doc # 44) and Motion for Leave to Issue and Serve Subpoena to Non-Party, and in support thereof further states:

## Motion for Clarification

1. On March 30, 2022, Plaintiff filed a Motion to Compel the Depositions Defendant's, LUX PHARMA HOLDINGS, LLC ("Defendant") corporate representatives, COLIN CONNER and PHIL NEUMAN on April 4, 2022. (Doc # 39).

1

2. Plaintiff's Motion to Compel Depositions included in its prayer for relief a request in the alternative to permit Plaintiff to depose Mr. NEUMAN on a date in which all parties were available subsequent to April 4th, in the event the Court was inclined to extend the Discovery and Pre-Trial Motion deadlines.

3. On April 2, 2022, Defendant filed their Response to Plaintiff's Motion to Compel Depositions. (Doc # 42).

4. On April 4, 2022, this Court issued an Order (Doc # 44) determining that Plaintiff demonstrated good cause to depose Mr. CONNER on April 4th and Mr. NEUMAN, who is the sole-member of the Defendant, on April 19th.

5. However, the Court did not specifically address whether or not the April 4th discovery deadline and/or the April 15th Pre-Trial Motion deadline, as set forth in the Case Management and Scheduling Order, were to be extended in accordance with the April 19th deposition date of Mr. NEUMAN.

6. Plaintiff would request an extension of both deadlines in order to allow for the filing of Pre-Trial Motions to occur after the deposition of Mr. NEUMAN and the discovery deadline to also be extended specifically for the reasons set forth below in Plaintiff's Motion for leave to issue and serve non-party subpoena.

## Motion for Leave to Issue and Serve Non-Party Subpoena

7. On March 9, 2022, Defendant's Counsel issued a Non-Party Subpoena to JOSEPH HAMZA [sic] of TRANSWORLD BUSINESS BROKERS LLC to Produce their entire file and all records as it relates to the underlying transaction ("Defendant's Subpoena"). *See* **Exhibit "A"**.

8. TRANSWORLD BUSINESS BROKERS LLC D/B/A TRANSWROLD BUSINESS ADVISORS ("TRANSWORLD") c/o JOSEPH HAMZA was the Broker who connected the parties and handled the initial negotiations in the underlying transaction.

9. The service address listed on Defendant's Subpoena is 8323 NW 12 Street, Suite 104, Miami, FL 33126. *See* **Exhibit "A"**.

10. Defendant's Subpoena provides a due date of April 1, 2022, for the requested documents to be produced. *See* **Exhibit "A"**.

11. On March 15, 2022, Plaintiff's Counsel requested copies of all information received as a result of Defendant's Subpoena. *See* **Exhibit "B"**.

12. A cursory review of the Department of State's website for TRANSWORLD would show that the Principal Address, Mailing Address, and Registered Agent Address are all located at: 5101 NW 21st Avenue, Suite 300, Fort Lauderdale, FL 33309. See **Composite Exhibit "C"**.

13. On March 24, 2022, in response to Defendant's First Request for Production, Plaintiff produced a copy of an email from Plaintiff to TRANSWORLD c/o JOSEPH HAMZA whereby information was disclosed by Plaintiff which directly contradicts allegations made by Defendant in their Answer, Affirmative Defenses, and Counterclaim.

14. On April 4th, during the deposition of Mr. CONNER, it was revealed that Mr. CONNER specifically asked Mr. HAMZA to request that the Plaintiff provide this information which Defendant claims to have never received.

15. At deposition, and previously in discovery to Defendant, Mr. CONNER was asked for a copy of any email from Mr. HAMZA whereby that information conveyed by Plaintiff was disclosed. Mr. CONNER advised that he was not in possession of any such email.

16. However, upon information and belief, Plaintiff believes that TRANSWORLD is in possession of an email from Mr. HAMZA to Mr. CONNER whereby that information was disclosed to him.

17. It is evident that production of an email from Mr. HAMZA to Mr. CONNER affirmatively disclosing this specific information would likely be detrimental to a portion of Defendant's Affirmative Defenses and Counterclaim.

18. **Yet, on April 4, 2022 (the last day of the discovery deadline), in the middle of Mr. CONNER's deposition, Defendant's Counsel verbally notified**

4

**Plaintiff that Defendant's Subpoena just came back as non-served because they attempted service at an "old address"**: 8323 NW 12 Street, Suite 104, Miami, FL 33126.

19. As previously stated in Plaintiff's Motion to Compel Depositions (Doc # 39), **Plaintiff has developed the opinion that Defendant has been exercising legal gamesmanship** rather than the real, good faith effort to provide discovery that is contemplated by the Federal and Local Rules.

20. The "inability" to timely serve Defendant's Subpoena appears to be in the same vein.

21. As such, Plaintiff requests leave of Court to permit the issuance and service of its own *almost identical* Subpoena in form and substance upon TRANSWORLD at the address listed on the Department of State.

22. Upon the issuance of Defendant's Subpoena, **Plaintiff relied upon the production of the responsive documents prior to the expiration of the discovery deadline as it timely made a request for copies**. Plaintiff did not previously issue its own Subpoena as a matter of judicial economy.

23.  However, Defendant's Counsel failed to have the Subpoena re-issued with the correct address upon learning of its non-service.

24. **Although Defendant has objected to Plaintiff issuing and serving a Subpoena requesting the same information, which no longer appears to be in their interest.**

25. A copy of Plaintiff's proposed Subpoena with a requested production date of April 29, 2022, essentially requesting the same information as Defendant's Subpoena, is attached hereto as **Exhibit "D"**.

26. Further, On April 4, 2022, Mr. HAMZA advised Plaintiff's Counsel that he would cooperate with the acceptance of service of a subpoena:

> "You are welcome to give the server my contact information to reach for I am not at a Transworld office daily
>
> Best Regards,
>
> Joseph Hamza"

*See* **Exhibit "E"**.

27. To clarify, Plaintiff is only requesting an extension of the Discovery deadline to allow for the deposition of Mr. NEUMAN on April 19 (which has already been approved by the Court), and to allow Plaintiff time to serve and receive responsive documents to the Non-Party Subpoena requested herein.

28. Plaintiff is not asking the Court to extend the Discovery deadline beyond these items.

29. In consideration hereof, Plaintiff is obliged to make the Court aware that Defendant's Counsel, Mr. Pivnik, will be unavailable and out of the country from April 21st – May 2nd.

30. In that regard, Plaintiff would request that the Pre-Trial Motions deadline be extended to a reasonable time after Defendant's Counsel returns from his trip and before the second Mediation, which is set for May 18, 2022.

31. Prior to filing this Motion, Plaintiff's Counsel, Mr. Pivnik, has conferred with Defendant's Counsel and provided a copy of this Motion for review in a good faith effort to resolve the issues raised by this Motion prior to bringing the same, but have been unsuccessful in doing so and Defendant's Counsel has stated that he objects to the same.

   **WHEREFORE**, Plaintiff/Counter-Defendant, YVONNE OKEKE, individually, hereby requests that this Honorable Court issue an Order Clarifying its Order entered on April 4, 2022 (Doc # 44) as to whether or not the discovery deadline of April 4, 2022 and Pre-Trial Motion deadline of April 15, 2022 will be extended and granting Plaintiff leave to issue and serve a Non-Party Subpoena upon TRANSWORLD BUSINESS BROKERS LLC D/B/A TRANSWROLD BUSINESS ADVISORS and/or whatever other relief this Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 5, 2022, a copy of the foregoing has been electronically filed with the Clerk of Courts by way of the CM/ECF system. I further certify that on said date a copy of the foregoing has been furnished either by e-mail, or by U.S. Mail, to those indicated on the attached Service List.

**LEGAL ADVOCATES, PLLC**

/s/

_____

Erik T. Silevitch, Esquire (FBN 92048)
2424 N. Federal Hwy
Suite 411
Boca Raton, FL 33431
Tel: 561-666-3443
Fax: (561) 444-0185
Service@inyourinterest.net

## <u>SERVICE LIST</u>

CASE NO.: 8:21-cv-02224-VMC-AAS

YVONNE OKEKE, individually

v.

LUX PHARMA HOLDINGS, LLC, a Wyoming limited liability company

LEGAL ADVOCATES, PLLC (Counsel for YVONNE OKEKE, individually)
2424 N. Federal Hwy
Suite 411
Boca Raton, FL 33431
Service@inyourinterest.net

THE PIVNIK LAW FIRM (Counsel for LUX PHARMA HOLDINGS, LLC, a
Wyoming limited liability company)
7700 N. Kendall Drive, Suite 703
Miami, FL 33156
Pivniklaw@aol.com
jpivnik@pivniklaw.com

EXHIBIT "A"

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| YVONNE OKEKE | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2021-cv-02224-VMC-AAS |
| LUX PHARMA HOLDINGS, LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Josheph Hanza,
Transworld Business Brokers LLC,
8323 NW 12 Street, Suite 104, Miami, FL 33126
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
Your entire file regarding Lux Pharma Holdings' purchase of Yvonne Okeke's interest in Yvonne Enterprises, LLC's including but not limited to emails, texts, communications, memos, notes and records.

| Place: The Pivnik Law Firm 7700 N. Kendall Dr.Ste 703, Miami, FL 33156 | Date and Time: 04/01/2022 11:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/09/2022

*CLERK OF COURT*

OR

_____          s/Jerome A. Pivnik
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Jerome Pivnik The Pivnik Law Firm, Ste 703, Miami, FL  33156_____, who issues or requests this subpoena, are:
305-670-0095 email:  Jpivnik@Pivniklaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT "A"

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2021-cv-02224-VMC-AAS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT "A"

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT "B"

**From:** Jerry Pivnik <jpivnik@pivniklaw.com>
**Sent:** Tuesday, March 15, 2022 1:24 PM
**To:** Erik Silevitch <erik@inyourinterest.net>
**Cc:** Ronald Lewis <ron@ronlewispa.com>; eg@thegriffithfirm.com
**Subject:** Re: Yvonne Okeke v. Lux Pharma Holdings, Case No. 8:21-CV-02224-VMC-AAS

Absolutely


Jerome A. Pivnik, Esq.
The Pivnik Law Firm
7700 N. Kendall Dr., Ste. 703
Miami, FL  33156
(305) 670-0095  Phone
(305) 670-0094  Fax




On Mar 15, 2022, at 12:55 PM, Erik Silevitch <erik@inyourinterest.net> wrote:


Good afternoon Jerry,

We would request copies of all information that you receive as a result of the Subpoenas.

Thanks.

**Erik T. Silevitch, Esq.**
Partner
Legal Advocates, PLLC
Tel: (561) 666-3443
Fax: (561) 444-0185
Email: Erik@inyourinterest.net

Boca Raton Office (Headquarters):
2424 N. Federal Hwy., Suite 411
Boca Raton, FL 33431

Melbourne Office:
1002 E. New Haven Ave., 2nd Floor
Melbourne, FL 32901



**From:** Jerry Pivnik <jpivnik@pivniklaw.com>
**Sent:** Wednesday, March 9, 2022 12:33 PM
**To:** Erik Silevitch <erik@inyourinterest.net>; Ronald Lewis <ron@ronlewispa.com>
**Cc:** eg@thegriffithfirm.com; Jerry Pivnik <jpivnik@pivniklaw.com>
**Subject:** RE: Yvonne Okeke v. Lux Pharma Holdings, Case No. 8:21-CV-02224-VMC-AAS

Good afternoon, Erik and Ron

███████████████████████████████████████████████████

Attached, please find the following:

- Notice of Depo of Yvonne Okeke – 3/23
- Notice of Depo of Ike Okeke – 3/23
- Subpoena to be served on BOA
- Subpoena to be served on J. Hanza
- Subpoena to be served on S. Scott.

███████████████████████████████████████████████████

Best regards,

**Jerome A. Pivnik, Esq.**
**The Pivnik Law Firm**
**7700 N. Kendall Dr., Ste. 703**
**Miami, FL 33156**
**T: 305-670-0095**
**F: 305-670-0094**
PivnikLaw@aol.com
www.PivnikLaw.com

DIVISION OF CORPORATIONS



<u>Previous on List</u>    .    <u>Next on List</u>    .    <u>Return to List</u>

<u>Filing History</u>

Fictitious Name Search
[                    ]

[ Submit ]

# Fictitious Name Detail

## <u>Fictitious Name</u>

TRANSWORLD BUSINESS ADVISORS

## <u>Filing Information</u>

| | |
|---|---|
| **Registration Number** | G11000083710 |
| **Status** | ACTIVE |
| **Filed Date** | 08/23/2011 |
| **Expiration Date** | 12/31/2021 |
| **Current Owners** | 1 |
| **County** | BROWARD |
| **Total Pages** | 2 |
| **Events Filed** | 1 |
| **FEI/EIN Number** | NONE |

### <u>Mailing Address</u>

5101 NW 21ST AVENUE
SUITE 300
FORT LAUDERDALE, FL 33309

### <u>Owner Information</u>

TRANSWORLD BUSINESS BROKERS, LLC
5101 NW 21ST AVE #300
FORT LAUDERDALE, FL 33309
**FEI/EIN Number:** 65-1112298
**Document Number:** L01000009377

## <u>Document Images</u>

<u>08/23/2011 -- Fictitious Name Filing</u>        [ View image in PDF format ]

<u>12/29/2016 -- Fictitious Name Renewal Filing</u>    [ View image in PDF format ]

---

<u>Previous on List</u>    .    <u>Next on List</u>    .    <u>Return to List</u>

<u>Filing History</u>

Fictitious Name Search
[                    ]

[ Submit ]

Florida Department of State, Division of Corporations

**2021 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT**

DOCUMENT# L01000009377

**FILED**
**Apr 15, 2021**
**Secretary of State**
**3144806672CC**

**Entity Name:** TRANSWORLD BUSINESS BROKERS, LLC

**Current Principal Place of Business:**

5101 NW 21ST AVENUE
SUITE 300
FORT LAUDERDALE, FL 33309

**Current Mailing Address:**

5101 NW 21ST AVENUE
SUITE 300
FORT LAUDERDALE, FL 33309 US

**FEI Number: 65-1112298**

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

GRECCO, PAUL
5101 NW 21ST AVENUE
ATTN: PAUL GRECCO SUITE 300
FORT LAUDERDALE, FL 33309 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: PAUL GRECCO                                                    04/15/2021
                   Electronic Signature of Registered Agent                              Date

**Authorized Person(s) Detail :**

| | |
|---|---|
| Title | MGR |
| Name | CAGNETTA, JR., ANDREW R. |
| Address | 5300 NORTH 37TH STREET |
| City-State-Zip: | HOLLYWOOD FL 33021 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: ANDREW R. CAGNETTA, JR.                    MGR                    04/15/2021
                   Electronic Signature of Signing Authorized Person(s) Detail                              Date



# Detail by Entity Name

Florida Limited Liability Company
TRANSWORLD BUSINESS BROKERS, LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | L01000009377 |
| **FEI/EIN Number** | 65-1112298 |
| **Date Filed** | 06/12/2001 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | LC STMNT OF RA/RO CHG |
| **Event Date Filed** | 07/01/2016 |
| **Event Effective Date** | NONE |

**Principal Address**

5101 NW 21ST AVENUE
SUITE 300
FORT LAUDERDALE, FL 33309

Changed: 04/16/2008

**Mailing Address**

5101 NW 21ST AVENUE
SUITE 300
FORT LAUDERDALE, FL 33309

Changed: 04/16/2008

**Registered Agent Name & Address**

Grecco, Paul
5101 NW 21st Avenue
Attn: Paul Grecco
Suite 300
Fort Lauderdale, FL 33309

Name Changed: 04/15/2021

Address Changed: 04/15/2021

**Authorized Person(s) Detail**

**Name & Address**

Title MGR

CAGNETTA, JR., ANDREW R.
5300 NORTH 37TH STREET
HOLLYWOOD, FL 33021

**Annual Reports**

| Report Year | Filed Date |
| --- | --- |
| 2019 | 04/15/2019 |
| 2020 | 05/01/2020 |
| 2021 | 04/15/2021 |

**Document Images**

| | |
| --- | --- |
| 04/15/2021 -- ANNUAL REPORT | View image in PDF format |
| 05/01/2020 -- ANNUAL REPORT | View image in PDF format |
| 04/15/2019 -- ANNUAL REPORT | View image in PDF format |
| 04/16/2018 -- ANNUAL REPORT | View image in PDF format |
| 04/18/2017 -- ANNUAL REPORT | View image in PDF format |
| 07/01/2016 -- CORLCRACHG | View image in PDF format |
| 04/15/2016 -- ANNUAL REPORT | View image in PDF format |
| 04/22/2015 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2014 -- ANNUAL REPORT | View image in PDF format |
| 04/15/2013 -- ANNUAL REPORT | View image in PDF format |
| 04/16/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/15/2011 -- ANNUAL REPORT | View image in PDF format |
| 04/15/2010 -- ANNUAL REPORT | View image in PDF format |
| 04/15/2009 -- ANNUAL REPORT | View image in PDF format |
| 04/16/2008 -- ANNUAL REPORT | View image in PDF format |
| 04/30/2007 -- ANNUAL REPORT | View image in PDF format |
| 04/26/2006 -- ANNUAL REPORT | View image in PDF format |
| 04/20/2005 -- ANNUAL REPORT | View image in PDF format |
| 03/31/2004 -- ANNUAL REPORT | View image in PDF format |
| 08/18/2003 -- ANNUAL REPORT | View image in PDF format |
| 01/28/2002 -- ANNUAL REPORT | View image in PDF format |
| 06/12/2001 -- Florida Limited Liabilities | View image in PDF format |

Florida Department of State, Division of Corporations

search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=TRANSWORLD…   2/2

EXHIBIT "D"

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| YVONNE OKEKE | ) |
| *Plaintiff* | ) |
| v. | ) |
| LUX PHARMA HOLDINGS, LLC | ) |
| *Defendant* | ) |

Civil Action No.  2021-cv-02224-VMC-AAS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Transworld Business Brokers LLC d/b/a Transworld Business Advisors
                       5101 NW 21st Avenue, Suite 300, Fort Lauderdale, FL 33309

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Your entire file regarding Lux Pharma Holdings, LLC's purchase of Yvonne Enterprises, LLC's including but not limited to all records, documents, emails, texts, communications, correspondences and records between Joseph Hamza and Colin Conner, Phil Neuman, Yvonne Okeke, and/or Ike Okeke

| Place: Legal Advocates, PLLC | Date and Time: |
|---|---|
| 2424 N. Federal Hwy. Suite 411, Boca Raton, FL 33431 | 04/29/2022 1:02 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

            *CLERK OF COURT*

                                                OR

     _____          _____
     *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Yvonne Okeke
Erik T. Silevitch, Esq., 2424 N. Federal Hwy., Suite 411, Boca Raton, FL   , who issues or requests this subpoena, are:
33431, Phone: 561-666-3443, Fax: 561-444-0185, Email: Erik@inyourinterest.net

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT "D"

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2021-cv-02224-VMC-AAS

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT "D"

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT "E"

**From:** Joseph Hamza <joseph@tworld.com>
**Sent:** Monday, April 4, 2022 8:29 PM
**To:** Erik Silevitch <erik@inyourinterest.net>
**Cc:** Joseph Hamza <joseph@tworld.com>
**Subject:** RE: Yvonne Okeke v. Lux Pharma Holdings LLC

You are welcome to give the server my contact information to reach for I am not at a Transworld office daily

Best Regards,

Joseph Hamza

Senior Business Broker /Shareholder
Transworld Business Advisors
5101 NW 21st Avenue, Suite 300
Fort Lauderdale, Florida 33309
Cell:  (954) 245-1200
Cell:  (305) 405-8847
Fax:    (305) 405-8336
joseph@tworld.com
website:    http://sellbusinessbuybusiness-sfl.com


Serving Statewide at Transworld Offices in:
Fort Lauderdale, FL
Miami, FL
West Palm, FL
Orlando, FL
Jacksonville, FL
Tampa, FL
**Due to COVID-19, all Buyers must submit proof of funds before a meeting with the Seller is scheduled.**

